UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY PORTER,

        Petitioner,         Case Number: 2:15-CV-12704

v.        Paul D. Borman
        United States District Judge

BONITA HOFFNER,

        Respondent.
                                        /

**OPINION AND ORDER DENYING
PETITIONER'S MOTION FOR STAY**

      Petitioner Anthony Porter, a state prisoner currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his convictions for first- and second-degree criminal sexual conduct, Mich. Comp. Laws §§ 750.520b(1)(a) & 750.520c(1)(a). Now before the Court is Petitioner's motion for stay of proceedings. Petitioner does not have an available remedy to exhaust. Therefore, the motion is denied.

**I.    Background**

      Petitioner was convicted by a jury in Wayne County Circuit Court of first- and second-degree criminal sexual conduct. On March 26, 2012, he was sentenced

1

to 7 to 20 years' imprisonment for the first-degree criminal sexual conduct conviction, and a consecutive sentence of 5-3/4 to 15 years' imprisonment for the second-degree criminal sexual conduct conviction.  Petitioner filed an appeal of right in the Michigan Court of Appeals, raising these claims: (i) the trial court abused its discretion in not allowing a defense witness to testify on the basis of hearsay; (ii) insufficient evidence supported binding Petitioner over on the first-degree criminal sexual conduct charge; (iii) due process violated by three year delay in arresting Petitioner; (iv) denial of Petitioner's motion to dismiss violated Due Process and Double Jeopardy Clauses; (v) ineffective assistance of trial counsel; (vi) prosecutorial misconduct; and (vii) insufficient evidence supported the first-degree criminal sexual conduct conviction.  The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Porter*, No.  310293, 2013 WL 3814376 (Mich. Ct. App. July 23, 2013).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals.  The Michigan Supreme Court directed the prosecuting attorney to address whether the imposition of consecutive sentences under Mich. Comp. Laws § 750.520b(3), for conduct that occurred before its enactment, violated the Ex Post Facto Clause.  *People v. Porter*, No. 147678, 2014 WL 492137 (Feb. 5, 2014).  The prosecuting attorney conceded "it was error to

order consecutive sentences because the criminal act preceded the amendment authorizing consecutive sentences." *People v. Porter*, 495 Mich. 990 (Mich. Apr. 28, 2014).  The Michigan Supreme Court, in lieu of granting leave to appeal, remanded the matter to the trial court to amend the judgment of sentence to reflect that the sentences imposed were to run concurrently.  *Id.*  In all other respects, leave to appeal was denied.  *Id.*

In September 2014, Petitioner filed a motion for relief from judgment in the trial court arguing that defects in the complaint and warrant divested the state court of jurisdiction.  The trial court denied the motion.  *See* 4/9/15 Order Denying Defendant's Motion for Relief from Judgment (ECF No. 10-14).  A review of the publicly available docket for the Michigan Court of Appeals and Michigan Supreme Court shows that Petitioner did not seek leave to appeal the trial court's decision, and the time for doing so has expired.  Mich. Ct. Rule 7.205(G).

On July 23, 2015, Petitioner filed this habeas corpus petition, raising the same seven claims raised on state court direct review.  After the Court ordered Respondent to file a response to the petition, Petitioner filed a motion for a stay to allow him to exhaust state court remedies for additional claims.  The issues Petitioner seeks to exhaust in state court and then raise in his habeas petition are: (i) the trial court never acquired proper jurisdiction; and (ii) trial and appellate

counsel were ineffective in failing to raise this issue in the trial court and on direct appeal. Respondent has filed an answer in opposition to the habeas petition, but has not filed a response to Petitioner's motion to stay.

**II.   Discussion**

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings provided there is good cause for failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Petitioner already has filed a motion for relief from judgment in the trial court under Mich. Ct. Rule 6.502, raising a claim that the trial court never obtained jurisdiction over the criminal proceeding because of defects in the charging documents. Under Mich. Ct. R. 6.502(G)(1), a defendant generally is entitled to file only one motion for relief from judgment. Mich. Ct. R. 6.502(G)(2) permits the filing of a successive motion under two circumstances:

> A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. The clerk shall refer a successive motion

> that asserts that one of these exceptions is applicable to the judge to whom the case is assigned for a determination whether the motion is within one of the exceptions.

Mich. Ct. R. 6.502(G)(2).

Petitioner does not argue that a retroactive change in law occurred after his first motion for relief from judgment. He may not assert a claim of new evidence because the jurisdiction-related claim was raised in the previous motion for relief from judgment, and the associated ineffective assistance of counsel claims were certainly known to Petitioner at that time.

The Court finds that there remains no available avenue for exhaustion of Petitioner's jurisdiction-related claims in state court and, therefore, DENIES the Motion for Stay (ECF No. 8).

SO ORDERED.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  July 18, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 18, 2016.

s/Deborah Tofil<br>
Case Manager